Robert C. Schubert (S.B.N. 62684)
Noah M. Schubert (S.B.N. 278696)
Kathryn Y. Schubert (S.B.N. 265803)
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, California  94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
rschubert@sjk.law
nschubert@sjk.law
kschubert@sjk.law

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| MEGHNA PARIKH, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> UNROLLME INC and SLICE TECHNOLOGIES, INC., <br><br> Defendants. | **Case No.** <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. **Violations of 18 U.S.C. §§ 2510, *et seq.* (Electronic Communications Privacy Act);** <br> 2. **Violations of 18 U.S.C. §§2701, *et seq.* (Stored Communications Act);** <br> 3. **Violations of Cal. Penal Code §§ 630, *et seq.* (California's Invasion of Privacy Act)** <br> 4. **Violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Unfair Competition Law);** <br> 5. **Violations of Cal. Bus. & Prof. Code §§ 17500, *et seq.* (False Advertising Law);** <br> 6. **Unjust Enrichment; and** <br> 7. **Privacy Violation Based on Intrusion** <br><br> **DEMAND FOR JURY TRIAL** |

*(Left margin, vertical text:)* SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Class Action Complaint

1    Plaintiff Meghna Parikh, individually and on behalf of all others similarly situated, upon

2    personal knowledge, information, and belief alleges as follows:

3                              **NATURE OF THE ACTION**

4        1.    This is a class action brought on behalf of users of UnrollMe.com ("UnrollMe"), a

5    company that markets itself as an "email management" service that declutters an email user's

6    inbox but secretly monitors and sells users' personal information to third parties for financial gain.

7        2.    When a prospective UnrollMe user signs up for this "email management" service,

8    UnrollMe requests access to his or her email, ostensibly for the purpose of sorting and removing

9    subscription emails and spam. Unbeknownst to UnrollMe users, Defendant UnrollMe also reads,

10   gathers, transfers, and even sells the contents of user emails at a profit. Ironically, information

11   gathered from UnrollMe users seeking to limit marketing spam is sold to businesses to better target

12   these precise users for marketing.

13       3.    Defendant UnrollMe and its parent company Defendant Slice Technologies, Inc.

14   ("Slice") knowingly and willfully deceived UnrollMe users by concealing that they monitor,

15   disseminate, and sell UnrollMe users' personal information and consumer habits without their

16   informed consent or knowledge for financial gain in violation of their protected privacy rights and

17   state and federal law.

18       4.    This class action is brought on behalf of UnrollMe users to prevent Defendants

19   from continuing these deceptive, invasive, and unlawful business practices and further seeks an

20   award of damages (actual, statutory, and/or punitive), reasonable attorneys' fees and other

21   litigation costs reasonably incurred, and such other preliminary and equitable relief appropriate

22   under the circumstances to remedy Defendants' wrongdoing alleged herein.

23                                      **PARTIES**

24       5.    Plaintiff Meghna Parikh is a natural person and citizen and resident of the State of

25   California.

26       6.    Defendant Slice is a Delaware corporation with its principal place of business

27   located at 800 Concar Drive, Suite 175, San Mateo, California 94402. Defendant Slice conducts

28   business throughout this District, the State of California, and the United States.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Class Action Complaint                    1

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

7.     Defendant UnrollMe is a Delaware corporation with its principal place of business located at 222 Broadway, New York, New York 10038. Defendant UnrollMe conducts business throughout this District, the State of California, and the United States.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action arises under the Electronic Communications Privacy Act and Stored Communications Privacy Act, which are federal statutes. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Additionally, this Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (i) at least one class member is a citizen of a state other than that of Defendants; (ii) there are more than one hundred class members; and (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

9.     This Court has personal jurisdiction over Defendant Slice because Defendant Slice conducts business in California, is headquartered in California, and because the events giving rise to this lawsuit occurred, in substantial part, in California. This Court has personal jurisdiction over Defendant UnrollMe because Defendant UnrollMe conducts business in California, Defendant UnrollMe enters into contracts in California, and because the events giving rise to this lawsuit occurred, in substantial part, in California.

10.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant Slice maintains its headquarters in this District, Defendants conduct significant business in this District, and Defendants have caused harm to Plaintiff and members of the class residing in this District.

## INTRADISTRICT ASSIGNMENT

11.     A substantial part of the acts and events giving rise to the violations of law alleged herein occurred in the County of San Mateo, and as such, this action may be properly assigned to the San Francisco / Oakland Division of this Court pursuant to Civil Local Rule 3-2(d). Defendant Slice maintains its headquarters in this Division, conducts significant business in this Division, and engaged in the conduct at issue in this Division.

**FACTUAL BACKGROUND**

12.     UnrollMe markets itself as an "email management" service designed to help users eliminate junk mail and remove clutter from their inboxes. UnrollMe purports to identify subscription emails and allow users to unsubscribe from marketing lists. Subscription emails that users do not unsubscribe from are "rolled-up" and delivered to users in daily digest emails called "Rollups." UnrollMe began providing email management services to users in or around early 2012.

13.     Slice is a data firm that measures e-commerce by extracting purchase information from emails containing e-receipts. Slice's technology "automatically identifies e-receipts within inboxes, extracts ***every available data point about every purchase at the item level***, normalizes measurements across retailers and structures the data into an industry-wide taxonomy and catalog."[1]

14.     Slice uses information culled from consumers' e-receipts to build market research products that analyze and track consumer trends. Slice's technology "measures all online purchases, using the same methodology, tied to the same *consumer*, including that consumer's historical purchase patterns to reveal loyalty and switching behavior…."[2] Slice then sells this user information to businesses seeking insights into consumer behavior and seeking to gain a competitive advantage.

15.     In or around 2014, Slice purchased UnrollMe. At the time of the acquisition, UnrollMe had approximately 1.3 million users.[3] Prior to the acquisition, UnrollMe was a free service that made money based on advertisements placed within its application. Following the acquisition, Slice and UnrollMe integrated their operations. UnrollMe remained and continues to be a free service for users but now makes money by collecting and selling its users' information.

---

[1] *Methodology*, Slice Intelligence, https://intelligence.slice.com/methodology/ (last visited May 19, 2017) (emphasis added)
[2] *Id.* (emphasis in original)
[3] Ingrid Lunden, *Post Rakuten Acquisition, Slice Buys Unroll.Me to Add Email List Control to Its Shopping App*, TechCrunch (Nov. 24, 2014), https://techcrunch.com/2014/11/24/rakuten-slice-buys-unroll-me/.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Slice gathers receipt data from UnrollMe user emails and sells this information to businesses seeking to track consumer habits. Ironically, information gathered from UnrollMe users seeking to limit marketing spam is sold to businesses to better target these precise users for more marketing.

16.     On April 23, 2017, The New York Times exposed UnrollMe's misleading practices when it revealed that Slice gathered UnrollMe user receipts for Lyft services and sold the information to Uber.[4] Users were outraged by these "sneaky" and "dishonest" business practices.[5] After the revelation, irate users demanded that UnrollMe explain why the company sold their e-receipt data and personal information.

17.     Although UnrollMe purported to disclose these invasive practices in its privacy policy, these disclosures are wholly inadequate. Even UnrollMe's CEO, JoJo Hedaya, has acknowledged the insufficiency of the company's privacy disclosures. On April 23, 2017, Mr. Hedaya admitted that "we need to do better for our users, and will from this point forward, with clearer messaging on our website, in our app, and in our FAQs. We will also be more clear about our data usage in our on-boarding process."[6] Furthermore, Mr. Hedaya acknowledged that disclosures in UnrollMe's Privacy Policy were inadequate because "the reality is most of us – myself included – don't take the time to thoroughly review them."[7]

18.     Despite Mr. Hedaya's attempts at remediation, the pool of disgruntled UnrollMe users continued to grow as news spread of the company's privacy betrayal. On May 18, 2017, Mr. Hedaya again tried to appease users by acknowledging that UnrollMe users have a right to know how their data is being collected and used.[8] Mr. Hedaya stated that the data sold does not contain

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

---

[4] Mike Isaac, *Uber's C.E.O. Plays with Fire*, The New York Times (April 23, 2017) https://nyti.ms/2pSAyyu.
[5] Hayley Tsukayama, *Unroll.me backlash shows us exactly what's wrong with privacy policies*, The Washington Post (Apr. 25, 2017), http://wapo.st/2q2ZgfF?tid=ss_tw&utm_term=.acf1d8c8d460.
[6] JoJo Hedaya, *We Can Do Better*, UnrollMe (Apr. 23, 2017), http://blog.unroll.me/we-can-do-better/.
[7] *Id.*
[8] JoJo Hedaya, *Your Data, Our Promise*, UnrollMe (May 18, 2017), http://blog.unroll.me/your-data-our-promise/.

1    "personal information such as your name and email address." However, this level of

2    anonymization is insufficient. According to privacy experts, personally identifiable information

3    can be easily pulled from purportedly "anonymized" data sources.  For example, removing a name

4    and email address from a Lyft receipt does little to protect personally identifiable information. See,

5    for example, the Lyft receipt below. Personal information such as names and email address has

6    been redacted, as indicated by Mr. Hedaya. However, significant personal information about the

7    user is still identifiable such as the user's route, location, destination, and travel habits.



26         19.    Indeed, modern technology offers such fine-grained measurement of a person's

27   behavior that personally identifiable information is pervasive, even if names and email addresses

28   are redacted. And this information is precisely what's valuable to Slice's customers. Slice markets

information gathered from UnrollMe as valuable to businesses such as Uber because it "***measures all online purchases, using the same methodology, tied to the same consumer, including that consumer's historical purchase patterns to reveal loyalty and switching behavior….***"[9]

20.     As a result of UnrollMe's deceptive and misleading business practices, millions of users have had their privacy violated. UnrollMe markets itself as an email management system to remove junk and clutter. In truth, it monitors, collects, and sells its users' personal information. Ironically, UnrollMe purports to return control of their inboxes to users, when it actually makes them the target of more personalized and individualized marketing campaigns based on their unique personal information.

**FACTS RELATING TO PLAINTIFF MEGHNA PARIKH**

21.     Plaintiff Meghna Parikh registered for an UnrollMe account in or around 2015. Upon registering for an account, Plaintiff granted UnrollMe access to her Gmail account.

22.     Plaintiff receives, stores, and sends sensitive and personal information on her Gmail account.

23.     Based on Defendant's marketing materials, Plaintiff believed that Defendant UnrollMe was an email management system that would help eliminate junk mail and declutter her Gmail inbox. Before and while using UnrollMe's service, Plaintiff did not know or believe that Defendants would collect, transfer, disclose, and/or sell information contained in her Gmail emails.

24.     Plaintiff did not know that Defendant UnrollMe was owned by Defendant Slice, a data mining company. Plaintiff never granted Defendant Slice access to her Gmail account, and Plaintiff did not know that Defendant Slice had access to her Gmail account and/or the emails and personal information contained therein.

25.     Unbeknownst to Plaintiff, Defendants read and sold or otherwise disclosed the contents of her Gmail emails, including personally identifiable information specific to Plaintiff.

---

[9] *Methodology*, Slice Intelligence, https://intelligence.slice.com/methodology/ (last visited May 19, 2017). (emphasis in original)

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

26.     Plaintiff used Lyft's services while UnrollMe had access to her Gmail account. Plaintiff's Lyft receipts were sent to her Gmail account while UnrollMe had access to her account. Plaintiff believes that personally identifiable information in her Lyft receipts may have been sold to Uber by Defendant Slice.

27.     Plaintiff did not consent to Defendants' interception, disclosure, transfer, or sale of her personally identifiable information.

28.     Plaintiff would not have granted Defendant UnrollMe access to her Gmail account if Defendant UnrollMe had properly disclosed to her its practice of monitoring, collecting, transferring and selling personal information.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a class of similarly situated individuals defined as follows: all persons in the United States (including its states, districts, and territories) who granted UnrollMe access to their email accounts (the "Class").

30.     Additionally, or in the alternative, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), or 23(b)(3), Plaintiff brings this action on behalf of herself and a class of similarly situated individuals defined as follows: all persons in the State of California who granted UnrollMe access to their email accounts (the "Subclass").

31.     Excluded from the Class and Subclass are governmental entities, Defendants, any entity in which any Defendant has a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class and Subclass are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. This action is brought and may be properly maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of these rules.

32.     ***Numerosity Under Rule 23(a)(1).*** The number of Class members is so numerous that the individual joinder of all members is impracticable.  While the exact number and identity of

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

the Class members is currently unknown, such information can be ascertained through appropriate discovery and investigation.

33.   ***Commonality Under Rule 23(a)(2).***   Common legal and factual questions exist that predominate over any questions affecting only individual Class members.  These common questions, which do not vary among Class members and which may be determined without reference to any Class member's individual circumstances, include, but are not limited to:

a.   Whether Plaintiff and Class members consented to the collection of their personal information and its disclosure and/or sale to third parties;

b.   Whether Plaintiff and Class members have a reasonable expectation of privacy in the information collected by Defendant UnrollMe;

c.   Whether Defendants unlawfully disclosed and continue to unlawfully disclose UnrollMe users' personally identifiable information;

d.   Whether Defendants conduct constitutes violations of the laws and statutes asserted herein;

e.   Whether Defendants' conduct described herein has caused them to be unjustly enriched;

f.   Whether Plaintiff and the Class members have been injured as a result of Defendants' conduct;

g.   Whether Plaintiff and the Class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief; and

h.   Whether Plaintiff and the Class members are entitled to damages or other monetary relief, and, if so, in what amount;

i.   Whether California has sufficient contact to the claims of each Class member to apply California law to all members of the Class;

j.   Whether, as a result of Defendants' conduct, Plaintiff and the Class members are entitled to an award of reasonable attorneys' fees, prejudgment interest, and/or costs of suit.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

34. ***Typicality Under Rule 23(a)(3).***  Plaintiff's claims are typical of the Class members' claims.  Defendants' course of conduct caused Plaintiff and the Class members the same type of harm, damages, and losses as a result of Defendants' uniformly unlawful conduct. Likewise, Plaintiff and other Class members must prove the same facts in order to establish the same claims.

35. ***Adequacy of Representation Under Rule 23(a)(4).***  Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interests of the Class.  Plaintiff has retained counsel competent and experienced in complex litigation and consumer protection class action matters such as this action, and Plaintiff and her counsel intend to vigorously prosecute this action for the Class's benefit, and have the resources to do so.  Plaintiff and her counsel have no interests adverse to those of the other members of the Class.

36. ***Superiority.***  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each Class member's claim is impracticable.  The damages, harm, and losses suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct.  Even if each Class member could afford individual litigation, the Court system could not.  It would be unduly burdensome if thousands of individual cases proceeded.  Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the Courts because it requires individual resolution of common legal and factual questions.  By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

37. The Class can be properly maintained under Rule 23(b)(2).  Defendants have acted or refused to act, with respect to some or all issues in this Class Action Complaint, on grounds

1    generally applicable to the Class, thereby making final injunctive relief and declaratory relief

2    appropriate with respect to the Class as a whole

3         38.    Plaintiff reserves the right to amend the foregoing Class Action Allegations and

4    Class definition based on facts learned through additional investigation and in discovery.

5    **FIRST CLAIM FOR RELIEF**

6    **Violations of 18 U.S.C. §§ 2510, *et seq.* (Electronic Communications Privacy Act)**

7    ***On Behalf of Plaintiff and the Class Against Defendants***

8         39.    Plaintiff, individually and on behalf of the Class, incorporates by reference all of

9    the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set

10    forth herein.

11         40.    The Electronic Communications Privacy Act (the "ECPA") prohibits any person

12    from intentionally intercepting any electronic communication or from intentionally using, or

13    endeavoring to use, or disclosing or endeavoring to disclose, the contents of any electronic

14    communication while knowing or having reason to know that the information was obtained

15    through the interception of an electronic communication. 18 U.S.C. § 2511(1).

16         41.    Defendants are each a "person" under the ECPA, which defines persons to include

17    "any individual, partnership, association, joint stock company, trust, or corporation." 18 U.S.C.

18    §2510(6).

19         42.    Emails are "electronic communications" under the ECPA, which defines electronic

20    communications as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of

21    any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectric or

22    photooptical system that effect interstate or foreign commerce…." 18 U.S.C. § 2510(12).

23         43.    Plaintiff and Class members sent or received "electronic communications" while

24    Defendant UnrollMe had access to their email accounts.

25         44.    Defendants intentionally intercepted the contents of these emails and intentionally

26    used, or endeavored to use, the contents of these emails while knowing or having reason to know

27    that the information was obtained through the interception of emails.

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Class Action Complaint           10

45.     Plaintiff and the Class members did not consent to Defendants' interception or use of these emails.

46.     Plaintiff and the Class members suffered harm as a result of Defendants' violations of the ECPA, and therefore seek (a) preliminary, equitable, and declaratory relief as may be appropriate, (b) the sum of the actual damages suffered and the profits obtained by Defendants as a result of their unlawful conduct, or statutory damages as authorized by 18 U.S.C. § 2520(2)(B), whichever is greater, (c) punitive damages, and (d) reasonable costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF

### Violations of U.S.C. §§ 2701, *et seq.* (Stored Communications Act)

### *On Behalf of Plaintiff and the Class Against Defendants*

47.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

48.     The Stored Communications Act ("SCA") prohibits persons from intentionally accessing without authorization a facility through which an electronic communication service is provided or intentionally exceeding an authorization to access that facility and thereby obtaining, altering, or preventing authorized access to a wire or electronic communication while it is in electronic storage on such system.

49.     Plaintiff's and the Class members' email accounts are facilities through which an electronic communication service is provided.

50.     Plaintiff's and the Class members' emails are electronic communications that were electronically stored on electronic communication services.

51.     As described herein, Plaintiff and the Class members never authorized Defendant Slice to access their email accounts.

52.     As described herein, Plaintiff and the Class members authorized Defendant UnrollMe to access their email accounts for the limited purpose of providing email management services, and Defendant UnrollMe exceeded this authorization by obtaining, monitoring,

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

disclosing, transferring, and/or selling these emails that were electronically stored on electronic communication services.

53.     At all times, Defendants' actions complained of herein have been intentional, as evidenced by the design and implementation of using Defendant's UnrollMe's email management service as a means for Defendant Slice to obtain user information and sell such information to third parties.

54.     Plaintiff and the Class members suffered harm as a result of Defendants' violations of the SCA, and therefore seek (a) preliminary, equitable, and declaratory relief as may be appropriate, (b) the sum of the actual damages suffered and the profits obtained by Defendants as a result of their unlawful conduct, or statutory damages as authorized by 18 U.S.C. § 2707(c), and (c) reasonable attorneys' fees and other litigation costs reasonably incurred.

### THIRD CLAIM FOR RELIEF

**Violations of Cal. Penal Code §§ 630, *et seq.* (California's Invasion of Privacy Act)**

***On Behalf of Plaintiff and the Class Against Defendants***

55.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

56.     California's Invasion of Privacy Act ("CIPA") prohibits persons from intentionally, willfully and without the consent of all parties to the communication, or in any unauthorized manner, reading, or attempting to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within California. Cal. Penal Code § 631.

57.     CIPA also prohibits any person from using, or attempting to use, in any manner, or for any purpose, or communicating in any way, any information so obtained. CIPA further provides that any person who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above is punishable by fine or imprisonment. California Penal Code § 631.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

58.     As described herein, Plaintiff and the Class members authorized Defendant UnrollMe to access their email accounts for the limited purpose of providing email management services, and Defendant UnrollMe exceeded this authorization by reading the contents of their emails and using, attempting to use, and/or communicating such information to Defendant Slice and selling such information to unauthorized third parties.

59.     As described herein, Plaintiff and the Class members never consented to or authorized Defendant Slice to read, attempt to read, or learn the contents of their emails. Without the consent of Plaintiff or the Class members, Defendant Slice used, attempted to use, communicated, and/or sold such information to third parties.

60.     As described herein, Defendant UnrollMe and Defendant Slice aided, agreed with, employed and/or conspired with each other to read, attempt to read, or learn the contents of Plaintiff's and the Class members' emails by using Defendant UnrollMe's email management service to gather consumer information for Defendant Slice.

61.     At all times, Defendants' actions complained of herein have been intentional and willful, as evidenced by the design and implementation of using Defendant's UnrollMe's email management service as a means for Defendant Slice to obtain user information and sell such information to third parties.

62.     Plaintiff and the Class members suffered harm as a result of Defendants' violations of CIPA, and therefore seek (a) preliminary, equitable, and declaratory relief as may be appropriate, (b) the greater of five thousand dollars ($5,000) per violation and three times the amount of actual damages sustained, as authorized by California Penal Code § 637.2, and (c) reasonable attorneys' fees and other litigation costs reasonably incurred.

**FOURTH CLAIM FOR RELIEF**

**Violations of Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Unfair Competition Law)**

***On Behalf of Plaintiff and the Class Against Defendants***

63.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

Class Action Complaint                    13

64.     California's Unfair Competition Law ("UCL") prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*]."

65.     Plaintiff and the Class have standing to pursue this claim because Plaintiff and members of the Class have suffered injury in fact and have lost money or property as a result of Defendants' unauthorized interception and sale of the information contained in their private emails as set forth above.

66.     Defendants' actions and conduct as alleged in this Class Action Complaint constitute an "unlawful" practice within the definition, meaning, and construction of California's UCL because Defendants violated the ECPA (18 U.S.C. §§ 2510, *et seq.*), the SCA (18 U.S.C. §§ 2701, *et seq.*), CIPA (Cal. Penal Code §§ 630, *et seq.*), California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq.*), and other applicable laws alleged herein.

67.     Defendants' actions and conduct as alleged in this Class Action Complaint constitute an "unfair" practice within the definition, meaning, and construction of California's UCL because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to their users. The harm caused by Defendants' wrongful conduct outweighs any utility of such conduct and has caused – will continue to cause – substantial injury to Plaintiff and the Class. Defendants could and should have chosen one of many reasonably available alternatives, including not reading, monitoring, transferring, disclosing, or selling users' email contents. Additionally, Defendants' conduct is "unfair" because it violated the legislatively declared policies in the ECPA (18 U.S.C. §§ 2510, *et seq.*), the SCA (18 U.S.C. §§ 2701, *et seq.*), CIPA (Cal. Penal Code §§ 630, *et seq.*), California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq.*), and other applicable laws alleged herein.  Defendants misled consumers by failing to disclose that Defendant Slice had access to users' emails and failing to disclose that Defendants were tracking, monitoring, disseminating, and selling users' personal information without their informed consent or knowledge for financial gain, and in violation of their protected privacy rights.

68.     Defendants' actions as alleged in this Class Action Complaint constitute a "fraudulent" practice within the definition, meaning, and construction, of California's UCL because Defendants knowingly and willfully failed to disclose all material information to UnrollMe users and Defendants affirmatively concealed that they were tracking, monitoring, disseminating, and selling users' personal information and purchasing habits.   Defendants' conduct was likely to deceive consumers. Defendants' failure to disclose this pertinent information constitutes a material omission in violation of the UCL.

69.     As a result of Defendants' "unlawful," "fraudulent," and "unfair" conduct, personal information of Plaintiff and the Class members was disclosed and sold to third parties, and the privacy rights of Plaintiff and the Class members were violated. Defendants' conduct directly and proximately caused Plaintiff and the Class damages.   The injuries, damages, and harm caused to Plaintiff and the Class by Defendants' unfair conduct are not outweighed by any countervailing benefits to consumers or competition, and the injury is one that consumers themselves could not reasonably have avoided.   Defendants knew or had reason to know that Plaintiff and the Class could not have reasonably known or discovered the existence of Defendant's monitoring, disclosure and sale of personal information, and Plaintiff and the Class would not have granted Defendant UnrollMe access to their email accounts if they had known of these business practices.

70.     Defendants' wrongful business practices alleged herein constitute a continuing course of unfair competition because Defendant UnrollMe markets its service in a manner that offends public policy and/or in a fashion that is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to its customers. Plaintiff and the Class therefore seek equitable relief to remedy Defendants' deceptive marketing and advertising of the UnrollMe "email management" service.

71.     Plaintiff and the Class also seek an order requiring Defendants to make full restitution of all amounts by which Defendants were enriched through their violations of the UCL, as well as all other relief permitted under the UCL.

1

2

3

**FIFTH CLAIM FOR RELIEF**

**Violations of Cal. Bus. & Prof. Code §§ 17500, *et seq.* (False Advertising Law)**

***On Behalf of Plaintiff and the Class Against Defendants***

4

5

6

72.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

7

8

9

73.     Plaintiff, individually and on behalf of the Class, have standing to pursue this claim because Plaintiff and the Class have suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth above.

10

11

74.     Defendant UnrollMe engaged in advertising and marketing to the public and offered "email management" services in California.

12

13

14

15

75.     Defendant UnrollMe engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce consumers like Plaintiff and the Class members to grant Defendant UnrollMe access to their email accounts and emails and personal information contained therein.

16

17

18

19

76.     Defendant UnrollMe's advertising and marketing representations regarding its "email management" service were false, misleading, and deceptive within the definition, meaning, and construction of California Business & Professions Code §§ 17500, *et seq.* (False Advertising Law).

20

21

77.     Defendant UnrollMe also concealed material information from consumers regarding the true nature, specifications, and characteristics of its "email management" service.

22

23

24

78.     Defendant UnrollMe's misrepresentations and omissions alleged herein were the type of misrepresentations that are material, *i.e.*, a reasonable person would attach importance to them and would be induced to act on the information in making decisions.

25

26

27

79.     Defendant UnrollMe's misrepresentations and omissions alleged herein are objectively material to a reasonable consumer, and therefore reliance upon such misrepresentations may be presumed as a matter of law.

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

80.     At the time it made the misrepresentations and omissions alleged herein, Defendant UnrollMe knew or should have known that they were untrue or misleading and acted in violation of California Business & Professions Code §§ 17500, *et seq*.

81.     Unless restrained by this Court, Defendant UnrollMe will continue to engage in untrue and misleading advertising, as alleged above, in violation of California Business & Professions Code §§ 17500, *et seq*.

82.     As a result of Defendant UnrollMe's conduct and actions, Plaintiff and each member of the Class has been injured, has lost money or property, and is entitled to relief. Plaintiff and the Class seek disgorgement, restitution, injunctive relief, and all other relief permitted under California Business & Professions Code §§ 17500, *et seq.*

## SIXTH CLAIM FOR RELIEF

### Unjust Enrichment/Quasi-Contract

### *On Behalf of Plaintiff and the Class Against Defendants*

83.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

84.     Absent Defendants' unauthorized monitoring, disclosure, or sale of UnrollMe users' personal information, Defendants would have had to pay Plaintiff and each member of the Class monetary compensation in exchange for their valuable personal information and consumer habits.  As such, Plaintiff and other members of the Class conferred an improper windfall upon Defendants, which knew of the windfall and have unjustly retained such benefits.

85.     As a direct and proximate result of Defendants' unjust enrichment, under principles of equity and good conscience, Plaintiff and the Class are entitled to full disgorgement and restitution of all amounts by which Defendants were enriched through their unlawful or wrongful conduct.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**SEVENTHTH CLAIM FOR RELIEF**

**Privacy Violation Based on Intrusion**

***On Behalf of Plaintiff and the Class Against Defendants***

86.     Plaintiff, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

87.     Defendants, by collecting and disseminating Plaintiff's and Class members' personal information and email contents without their knowledge, intentionally intruded into a realm in which Plaintiff and Class members has a reasonable expectation of privacy.

88.     Defendants obtained unwanted access to Plaintiff's and Class members' data, including but not limited to, the purchasing and travel habits of Plaintiff and the Class members.

89.     Defendants' intrusion into Plaintiff's and the Class members' privacy would be highly offensive to a reasonable person, because it occurred without Plaintiff's or Class members' knowledge or consent.

90.     By invading Plaintiff and the Class members' privacy, Defendants have obtained moneys which rightfully belong to Plaintiff and the Class.

91.     It would be inequitable and unjust for Defendants to retain these wrongfully obtained profits and benefits at Plaintiff's and the Class members' expense.

92.     Plaintiff and the Class are entitled to restitution of the profits unjustly obtained (plus interest), as well as damages for Defendants' invasion of privacy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, request that the Court order the following relief and enter judgment against Defendants as follows:

A.     An Order certifying the proposed Class under Fed. R. Civ. Proc. 23 and appointing Plaintiff and their counsel to represent the Class;

B.     An Order declaring that Defendants engaged in the illegal conduct alleged herein in violation of the ECPA (18 U.S.C. §§ 2510, *et seq.*), the SCA (18 U.S.C. §§ 2701, *et seq.*), CIPA (Cal. Penal Code §§ 630, *et seq.*), California's Unfair Competition

Law Cal. (Bus. & Prof. Code §§ 17200, *et seq.*), California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq.*), and constitute unjust enrichment and a privacy violation based on intrusion;

C.   An Order that Defendants be permanently enjoined from their improper activities and conduct described herein;

D.   A Judgment awarding Plaintiff and the Class restitution, damages (including statutory and punitive damages where applicable), and disgorgement in amounts according to proof at trial, including an award of pre- and post-judgment interest, to the extent allowable;

E.   An Order awarding Plaintiff and the Class their reasonable litigation expenses, costs, and attorneys' fees;

F.   An Order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiff and the Class; and

G.   An Order awarding such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all claims and issues so triable.

Dated: May 26, 2017                         /s/ Kathryn Y. Schubert

SCHUBERT JONCKHEER & KOLBE LLP
Robert C. Schubert (S.B.N. 62684)
Noah M. Schubert (S.B.N. 278696)
Kathryn Y. Schubert (S.B.N. 265803)
Three Embarcadero Center, Suite 1650
San Francisco, California  94111
Telephone:  (415) 788-4220
Facsimile:  (415) 788-0161
rschubert@sjk.law
nschubert@sjk.law
kschubert@sjk.law

*Attorneys for Plaintiff and the Putative Class*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Class Action Complaint                         19